Exhibit "A"

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

FILED: SUFFOLK COUNTY CLERK 04/28/2021
INDEX NO. UNASSIGNED
RECEIVED NYSCEF: 04/28/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------X

JOAN SMITH,

                       Plaintiff,

-against-

TARGET CORPORATION,

                       Defendant.

-----------------------------------------------------------------X

Index No.
Date Filed:

*Plaintiff designates Suffolk County as the place of trial*

*The basis of venue is plaintiff's residence*

**SUMMONS**

*Plaintiff resides at
275 Village Green Dr.
Port Jefferson, New York*

County of Suffolk

To the above named Defendants:

      You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Defendant's address:

**TARGET CORPORATION**
*1000 Nicollet Mall
Minneapolis, MN 55403*

Defendant's Insurance:

**SEDGWICK CLAIMS**
*Claim #000595215G-0001*

**SIBEN & SIBEN, LLP**
*Attorneys for Plaintiff
Office and Post Office Address
90 East Main Street
Bay Shore, New York 11706
(631) 665-3400
File No.: 12/10/19 E*

**SEND TO YOUR INSURANCE COMPANY PROMPTLY**

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

1 of 5

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 04/28/2021

Case 2:21-cv-04617-JMA-JMW   Document 1-1   Filed 08/17/21   Page 3 of 6 PageID #: 6

AGF/tv
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------------X
JOAN SMITH,

                              Plaintiff,          **COMPLAINT**

       -against-                         **Index No.**

TARGET CORPORATION,

                              Defendant.
-----------------------------------------------------------------------X

      Plaintiff, complaining of the defendant by his attorneys, SIBEN & SIBEN, LLP, respectfully alleges, upon information and belief:

      FIRST: That, at all times hereinafter mentioned, defendant, TARGET CORPORATION, was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

      SECOND: That, at all times hereinafter mentioned, defendant, TARGET CORPORATION was a foreign corporation authorized to do business in the State of New York.

      THIRD: That, at all times hereinafter mentioned, defendant, TARGET CORPORATION, was a partnership or other unincorporated entity authorized to do business in the State of New York.

      FOURTH: That, at all times hereinafter mentioned, defendant, TARGET CORPORATION, was the owner and/or one of the owners of a certain department store located at 98 Veterans Memorial Hwy., Commack, New York.

      FIFTH: That, at all times hereinafter mentioned, defendant, TARGET CORPORATION, its agents, servants and/or employees operated a certain department store located at 98 Veterans Memorial Hwy., Commack, New York.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

SIXTH: That, at all times hereinafter mentioned, defendant, TARGET CORPORATION, its agents, servants and/or employees managed a certain department store located at 98 Veterans Memorial Hwy., Commack, New York.

SEVENTH: That, at all times hereinafter mentioned, defendant, TARGET CORPORATION, its agents, servants and/or employees controlled a certain department store located at 98 Veterans Memorial Hwy., Commack, New York.

EIGHTH: That at all times hereinafter mentioned, defendant, TARGET CORPORATION, its agents, servants and/or employees maintained a certain department store located at 98 Veterans Memorial Hwy., Commack, New York.

NINTH: That, at all times hereinafter mentioned, defendant, TARGET CORPORATION, invited members of the general public to the aforesaid premises for business purposes.

TENTH: That on the 10th day of December, 2019, while a lawful patron of the aforesaid department store, the plaintiff was caused to be propelled to the ground and become seriously injured due to the carelessness, recklessness and negligence of the defendant, its agents, servants and/or employees.

ELEVENTH: That the defendants, their agents, servants and/or employees were careless, reckless and negligent in the ownership, operation, maintenance, management, supervision and control of the aforesaid department store; in carelessly, recklessly and negligently causing, allowing and/or permitting the plaintiff to be propelled to the floor and become injured; in failing to provide plaintiff with a safe place to walk; in carelessly, recklessly and negligently causing, allowing and/or permitting the floor thereat to be slick and slippery, creating a hazard and a trap; in carelessly, recklessly and negligently causing, allowing and/or permitting foreign substances to be and remain on the floor thereat; in failing to maintain the aforesaid department store in a

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

3 of 5

safe and proper manner; in failing to expeditiously clean up debris and/or loose objects; in failing to make timely inspections of the aforesaid area which would have disclosed the dangerous and defective condition existing thereat; in failing to foresee this incident; in failing to post signs, notices and/or other warnings of the dangerous and defective condition existing thereat; in failing to erect barricades, fences, ropes, cones or other safety devices for the proper protection of plaintiff and others; that defendants knew, or by reasonable inspection thereof, should have known of the dangerous and defective condition existing thereat and failed to repair and/or remedy the same; in carelessly, recklessly and negligently causing, allowing and/or permitting the aforesaid condition to be and remain for a long and unreasonable length of time under the circumstances then and there existing; in failing in their non-delegable duties to the plaintiff herein; and, in other ways, acted in a careless, reckless and negligent manner.

TWELFTH: That, at all times hereinafter mentioned, defendant had actual, constructive and/or written notice of the aforesaid dangerous and defective condition.

THIRTEENTH: That, by reason of the premises, the plaintiff was rendered sick, sore maimed and disabled; and she was injured, bruised and wounded about her head, body and limbs; and upon information and belief, some of her injuries are of a permanent nature and character; and she has suffered and continues to suffer physical pain and mental anguish; and she has been incapacitated, all to her damage in a sum in excess of the monetary limits of any lower courts.

FOURTEENTH: That this action falls within one or more of the exceptions set forth in C.P.L.R. 1602.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

4 of 5

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK (See below)
NYSCEF DOC. NO. 1

Case 2:21-cv-04617-JMA-JMW   Document 1-1   Filed 08/17/21   Page 6 of 6 PageID #: 9
INDEX NO. UNASSIGNED
RECEIVED NYSCEF: 04/28/2021

WHEREFORE, plaintiff, JOAN SMITH, demands judgment against the defendant in a sum in excess of the monetary limits of any lower courts, together with the costs and disbursements of this action.

SIBEN & SIBEN, LLP

By: *[signature]*
STEPHEN G. SIBEN ( )
ANDREW B. SIBEN ( )
JACQUELINE SIBEN ( )
MARK A. RUDNER ( )
Attorneys for Plaintiff
JOAN SMITH
Office & P.O. Address
90 East Main Street
Bay Shore, New York 11706
(631) 665-3400
File No.: 12/10/19 E

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

5 of 5